[No. 17004. Department One. June 8, 1922.]

G. E. HAYES, *Respondent*, v. THE CITY OF SEATTLE *et al.*, *Appellants.*[1]

MUNICIPAL CORPORATIONS (534)—BONDS—ACTIONS BY BONDHOLD-ERS. A holder of municipal bonds may maintain an action to compel the city to perform the covenants in the bond, notwithstanding he acquired the bond but a few days before, and after the city's default.

SAME (167)—PUBLIC WORKS—CONTRACT—CHANGE IN PLANS. After the issuance of bonds authorized for the purpose of making specific extensions of the municipal street car system, the city can not make radical changes making it impossible to recognize the proposed system as the one actually constructed.

SAME (167, 181)—PUBLIC WORKS—CHANGE IN PLAN—ACTIONS. A holder of local improvement bonds, issued for a specific purpose, may maintain an action to enjoin a substantial change in the proposed improvement, without showing that he will be injured by the change.

SAME (145) — PUBLIC WORKS — COMPELLING MAKING IMPROVE-MENT—DISCRETION. Where a city has issued municipal bonds for extensions of its street railway system, the discretion of the council in respect to which extension shall be first made from the sale of the bonds, will not be controlled by the courts.

Cross-appeals from a judgment of the superior court for King county, French, J., entered June 17, 1921, in favor of the plaintiff, in an action for an injunction, tried to the court. Affirmed.

*Walter F. Meier, Edwin C. Ewing,* and *Charles T. Donworth,* for appellants.

*J. L. Corrigan,* for respondent.

BRIDGES, J.—In 1919, the city of Seattle, being desirous of making betterments and extensions to its municipal street car system, passed ordinance number 39,492, pursuant to §§ 9488-9491, Remington's Com-

[1]Reported in 207 Pac. 607.

piled Statutes. Section 3 of that ordinance adopted a certain plan or system for such betterments and extensions. The system so adopted contemplated some twenty-four extensions and betterments. Among the other extensions was one to construct a single track "on East 55th Street, between 29th Ave. N. E. and 35th Ave. N. E., together with a wye near the intersection of East 55th Street and 35th Avenue Northeast." The ordinance further provided that bonds in the sum of $790,000 should be issued and sold for the purpose of making such contemplated improvements, and that all moneys received from the sale of such bonds should be placed in a designated fund, and that all bonds should be paid only from that fund, and that the bonds did not create any general indebtedness against the city. After many of the bonds had been sold and some of the contemplated work done, the city decided not to extend its line east on 55th street, as provided in the original plan, but instead to extend it north on 30th avenue northeast. The plaintiff instituted this action to enjoin the construction of the extension on 30th avenue northeast, and to require the construction on east 55th street, as designated by the original ordinance. The trial court enjoined the city from making the extension on 30th avenue northeast, but refused to command the city to build such extension on east 55th street. Both parties have appealed.

The plaintiff sought to maintain his action as a taxpayer, property owner and bondholder. It is not necessary for us to determine whether he can maintain the action as an owner of property or as a taxpayer, because we are of the opinion that he can maintain it as the holder of one or more of the bonds issued by the city under the original ordinance. It is true the plaintiff bought his bond only a few days before he insti-

tuted this action, and after the city had passed its ordinance undertaking to change this extension of the street railway from east 55th street to 30th avenue northeast; but these facts cannot alter the situation. The time of purchasing the bond has nothing to do with the right to maintain the action. The bonds themselves expressly provide that the city "covenants with the holder of this bond that it will keep and perform all of the covenants and promises in said ordinances contained, to be by it kept and performed." Any bondholder has the right to maintain an action to require the city to live up to the terms of his bond. If one bondholder cannot do this, then the holders of all the bonds could not do it, and thus the city might, with impunity, violate the covenants of its bonds.

The more difficult question is: Can the city at this time make the change proposed by it—can it extend north on 30th avenue northeast, instead of east on 55th street, as provided by the original plan upon which the bonds were issued and sold? The city claims this right by virtue of a portion of § 3 of the original ordinance reading as follows:

"The city of Seattle may modify details in the foregoing plan or system where necessary or advisable in the judgment of the city council, and where not substantially changing the purposes specified; the city shall also effect such other construction, reconstruction, repair, moving, removing, changing and connecting as may be incidental to carrying out any or all of the foregoing purposes."

Is the change here proposed one which merely modifies the "details in the foregoing plan or system" and "where not substantially changing the purposes specified"? It seems to us that it is not. By the issuance and sale of these bonds, the city contracted with the bond purchasers to make the extensions and better-

ments as set out in the original ordinance, except where it was necessary or advisable to modify the details in carrying out such betterments and extensions. The city may make minor changes, but it has no right, in our judgment, to make the radical change here contemplated. If it can make this change, then it can make like changes in all other extensions provided by the original ordinance, and thus the total of the changes would make it impossible to recognize the proposed system as the one actually constructed. The change proposed does not deal with the details of the original plan; it is an entire departure from that plan in so far as this extension is concerned. There was some testimony tending to show the proposed extension would have a better grade, and that it would serve a greater population. We do not think, however, that these are questions which can be considered in this action. The question is one of construction of contract, and that contract is expressed in the original ordinance. If the terms of that instrument do not permit the proposed change, then it cannot be made, regardless of the advantages which might result. We realize that these ordinances should be reasonably construed with the view of accomplishing the purpose contemplated, but we cannot hold that such a construction will give the city the power it is here trying to exercise.

Appellant quotes from a number of our cases where we have held that we will not, in the absence of fraud or arbitrary action, review proceedings taken by municipal authorities under a discretion lawfully given. We are not here reviewing a discretionary action which the city council has a right to exercise; we are holding that it has no power to exercise the discretion it is here undertaking to exercise—it is not a question of abuse of discretion, but one of power.

What we have said, we think, will answer the contention of the city that the plaintiff cannot maintain this action as a bondholder without showing that he will be injured by the change which the city contemplates making.

By his cross-appeal, the plaintiff contends that the lower court erred in not issuing a mandate to the city requiring it to build this extension along east 55th street, as provided in the original ordinance. We think the action of the lower court in this respect was correct. It may be that the city will not have money sufficient out of the sale of the bonds to make all of the contemplated improvements, and on that account it may be that it will prefer to expend the money on some other of the proposed extensions or betterments. Whether an extension shall be made rests largely in the discretion of the city council, and we do not feel that we are justified in commanding the city to construct this extension. The judgment is affirmed.

PARKER, C. J., MITCHELL, and TOLMAN, JJ., concur.